UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIS,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTHEW TAYLOR,<br><br>        Defendant. | Case No. 22-cv-03427-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 19 |

       Plaintiff, a state prisoner housed at California Men's Colony ("CMC") has filed the instant *pro se* civil rights against pursuant to 42 U.S.C. § 1983, alleging that San Quentin State Prison correctional officer Matthew Taylor used excessive force on him in violation of the Eighth Amendment. Dkt. Nos. 1, 11. This order addresses Plaintiff's request for appointment of counsel. Dkt. No. 19.

       Plaintiff argues that appointment of counsel is necessary because he lacks any meaningful source of income to employ counsel; experienced legal advice and skills are necessary to prosecute this case; he has limited access to a law library and the other materials necessary to facilitate proper legal research; he is given limited time with the legal materials available to him; he is a layperson at law with little experience in the complex and confusing methods of legal research; he has virtually no knowledge of the governing procedural rules which are critical to obtaining the necessary discovery; he does not know what papers should be filed; he sincerely desires to pursue this action; he has limited formal education and no education in the law; he does not understand or comprehend complex legal reasoning, standards or language; he has relied on fellow prisoners to prepare the pleadings submitted thus far and in his current housing placement, he is unable to rely on fellow prisoners for legal assistance; the issues are complex and necessitate

serious and complex discovery proceedings in order to prepare for summary judgment briefing and trial; Plaintiff does not understand how to proceed to press his claims to a final resolution; and the interests of justice and judicial economy are best served by assignment of counsel. Plaintiff further argues that the Court should place primary consideration on every litigant having equal consideration before the courts; appointment of counsel could avoid unnecessary delay and expense to both the judiciary and the parties; and courts have found appointment of counsel to be of fundamental importance where the plaintiff must conduct discovery to pursue the case and plaintiff is unable to conduct discovery. *See generally* Dkt. No. 19.

The Court DENIES Plaintiff's request for appointment of counsel for failure to demonstrate exceptional circumstances. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is unclear at this point. Plaintiff has not disputed Defendants' claim that he has failed to exhaust his administrative remedies. The request for appointment of counsel is therefore denied for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

This order terminates Dkt. No. 19.

**IT IS SO ORDERED.**

Dated:   2/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

2