UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIS,<br>          Plaintiff,<br>    v.<br>MATTHEW TAYLOR, et al.,<br>          Defendants. | Case No. 22-cv-03427-HSG<br><br>**ORDER DENYING REQUEST TO FILE SUPPLEMENTAL BRIEFING REGARDING EXHAUSTION; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 29 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against San Quentin State Prison ("SQSP") correctional officer Taylor, alleging that on March 14, 2019, defendant Taylor used excessive force on him, in violation of the Eighth Amendment. Dkt. Nos. 1, 11. For the reasons set forth below, the Court DENIES Defendant's request for leave to file a supplemental brief on whether administrative remedies remained available to Plaintiff after he received the January 3, 2020 response to his December 23, 2019 request for a status update; and ORDERS Defendant to file a dispositive motion according to the briefing schedule set forth below.

**DISCUSSION**

Defendant filed a motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 17. The Court denied the summary judgment motion, finding that, viewing the record in the light most favorable to Plaintiff, there were triable issues of fact as to whether administrative remedies were effectively unavailable to Plaintiff:

> However, viewing the record in the light most favorable to Plaintiff, there is a triable issue of fact as to whether administrative remedies were effectively unavailable to Plaintiff for Grievance No. SQ-A-19-01083. Plaintiff alleges that he re-submitted the grievance to the third level on September 3, 2019, but did not receive any further response from correctional officials. Dkt. No. 1 at 2. This allegation is supported by (1) a copy of a

|   |   |
|---|---|
| 1 | CDCR Form 1858 signed on August 5, 2019, and submitted by Plaintiff as part of his opposition to the summary judgment motion, Dkt. No. 24 at 14; and (2) a note submitted by Plaintiff to the Office of Appeals dated December 23, 2019, in which he requests an update as to the status of Grievance No. SQ-A-19- 01083 and references an August 5, 2019 date, Dkt. No. 17-4 at 17, which is the same date on the CDCR Form 1858. Making all justifiable inferences in Plaintiff's favor, it is possible that Plaintiff copied the CDCR Form 1858 before he submitted it to prison authorities, then handed the CDCR Form 1858 and his appeal of the second level decision to prison authorities sometime between August 5, 2019 and September 3, 2019, and that the CDCR Form 1858 and appeal did not make it to the Office of Appeals through no fault of Plaintiff. Plaintiff would not know that the OOA had not received his Form 1858 and appeal until he received the January 3, 2020 response to his December 23, 2019 request for a status update, at which time he was outside the timeframe during which he could take corrective action. These justifiable inferences create a genuine dispute as to whether administrative remedies were effectively unavailable to Plaintiff for Grievance No. SQ-A19-01083. |

Dkt. No. 27 at 8-9. The Court instructed Defendant to inform the Court whether he elected to (1) proceed with a limited evidentiary hearing regarding whether Plaintiff submitted the CDCR Form 1858 on or about August 5, 2019, and whether administrative remedies were rendered unavailable to Plaintiff with respect to Grievance No. SQ-A-19-01083, or (2) wished to waive the exhaustion defense and proceed to the merits of the action. Dkt. No. 27 at 11-12.

Initially, Defendant elected to proceed with a limited evidentiary hearing for the sole purpose of determining whether Plaintiff re-submitted his appeal of the second level decision in or around August or September of 2019. Dkt. No. 28. Defendant has withdrawn the request for a limited evidentiary hearing, saying that, after further investigating the issue, Defendant accepts that Plaintiff mailed his appeal to the Office of Appeals in August of 2019. Dkt. No. 29. Instead, Defendant requested leave to file supplemental briefing as to the legal question of whether administrative remedies remained available to Plaintiff after the Office of Appeal's January 3, 2020 response to Plaintiff's December 23, 2019 request for a status update, arguing as follows:

> Defendant maintains however, that the Office of Appeals did not receive Plaintiff's resubmitted appeal and that Plaintiff still failed to exhaust administrative remedies that remained available. After receiving no response to his re-submitted appeal, on December 23, 2019, Plaintiff submitted a request to the Office of Appeals for a status update and received a response dated January 3, 2020. Plaintiff failed to pursue further available remedies after he received the January 3, 2020 response to his December 23, 2019 request for a status update. In its Order denying summary judgment for failure to exhaust administrative remedies, the Court noted that any re-submission of Plaintiff's grievance after January 3, 2020, would have been untimely. (ECF No. 27 at 9.) However, the administrative remedy process allows staff to excuse late appeals. See Cal. Code Regs., tit. 15 § 3084.6(c)(4) (2019) (stating that "[a]n appeal *may* be cancelled" if the appeal is untimely) (emphasis added). Additionally, had Plaintiff resubmitted his appeal in January 2020 and had the Office of Appeals cancelled the appeal as untimely, Plaintiff still could

2

> have appealed the cancellation, which could have resulted in Plaintiff's appeal being reinstated. Id. at § 3084.6(e). As a result, administrative remedies remained available to Plaintiff after he was notified that his resubmitted appeal inadvertently was not received by the Office of Appeals, yet he failed to re-submit his appeal. As this is a purely legal question and there are no factual disputes remaining, an evidentiary hearing is no longer appropriate.

Dkt. No. 28 at 1-2.

The Court DENIES Defendant's request to file a supplemental brief, Dkt. No. 29, because the relevant caselaw holds that when prison officials improperly fail to process a prisoner's grievance, as happened here, the prisoner is deemed to have exhausted available administrative remedies. *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."); *cf. Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) ("Delay in responding to a grievance, particularly a time-sensitive one, may demonstrate that no administrative process is in fact available."). Here, Plaintiff appealed the second level response to the third level of review sometime between August 5, 2019 and September 3, 2019, and received no response from prison officials. When Plaintiff inquired about the status of his grievance in December 2019, prison officials responded by sending him a copy of prison records of his grievances, which indicated that prison officials had no record of receiving the August/September 2019 appeal of the second level response. Prison officials did not instruct him to resubmit his appeal or otherwise pursue the grievance further. Under these circumstances, the Court finds that Plaintiff is deemed to have exhausted available administrative remedies. *Andres*, 867 F.3d at 1079 (prisoner deemed to have exhausted administrative remedies where he filed grievance in January 2013 and officials had not responded by December 2014, when prisoner filed federal civil rights claim); *see also Washington v. Cal. Dep't of Corr. & Rehab.*, No. CV 19-169-VAP (KK), 2020 WL 3057402, at *6 (C.D. Cal. June 8, 2020), *report and recommendation adopted*, No. CV 19-169-VAP (KK), 2020 WL 3057401 (C.D. Cal. June 9, 2020) ("Plaintiff's administrative remedies were 'effectively unavailable' once the OOA failed to either respond or reject Defendant's third level appeal within the 60-day time limit set forth in section 3084.8(c), regardless of the fact that the OOA eventually explained the delay and responded"); *Karas v. Marciano*, No. ED CV 16-1960-DMG(E), 2017 WL 6816858, at *4 (C.D. Cal. Nov. 13, 2017), *report and recommendation*

1  *adopted*, No. ED CV 16-1960-DMG(E), 2017 WL 6819460 (C.D. Cal. Dec. 29, 2017) (holding
2  that administrative remedies rendered effectively unavailable where prisoner delivered grievance
3  directly to prison official, received no response to grievance, and received no response to request
4  for *Olsen* Review to determine if grievance ever found its way into central-file); *Ledesma v.*
5  *Adame*, No. 1:13-CV-01227 AWI EPG (PC), 2017 WL 4123305, at *9-*10 (E.D. Cal. Sept. 15,
6  2017), *report and recommendation adopted*, No. 1:13-CV-01227 AWI EPG (PC), 2017 WL
7  5608196 (E.D. Cal. Nov. 21, 2017) (finding that prisoner had exhausted administrative remedies
8  where prison officials never responded to grievance or subsequent three Form 22s submitted over
9  next four months requesting status update, one of which was forwarded to appeals office).

Because there are no disputed issues of fact remaining regarding Plaintiff's exhaustion of administrative remedies, the Court sets the following briefing schedule for dispositive motion on the merits. By April 30, 2025, Defendant shall file his dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief in support of his dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

4

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DENIES Defendant's request to file a supplemental brief. Dkt. No. 29.

2. The Court sets the following briefing schedule. By April 30, 2025, Defendant shall file his dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 29.

**IT IS SO ORDERED.**

Dated: 1/27/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge