UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW TAYLOR,<br><br>    Defendant. | Case No. 22-cv-03427-HSG<br><br>**ORDER GRANTING REQUEST TO COMPEL PLAINTIFF'S DEPOSITION; GRANTING *NUNC PRO TUNC* REQUEST TO EXTEND DEADLINE FOR PLAINTIFF'S COUNSEL TO APPEAR; GRANTING REQUEST TO RESET BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 36 |

In June 2022, Plaintiff, a California state inmate who is currently housed at California Men's Colony, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court GRANTS Defendant's request to compel Plaintiff's deposition, to extend the deadline for Plaintiff's counsel to appear, and to reset the briefing schedule. Dkt. No. 36.

**DISCUSSION**

**I.    Procedural History**

Plaintiff commenced this action in June 2022. Plaintiff alleges that, on March 14, 2019, San Quentin State Prison ("SQSP") correctional officer Taylor used excessive force on him, in violation of the Eighth Amendment. Dkt. Nos. 1, 11. On July 7, 2023, the Court denied Defendant's motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 27. On January 27, 2025, the Court set a briefing schedule for dispositive motions, ordering Defendant to file his dispositive motion on April 30, 2025. Dkt. No. 31. At that time, Plaintiff was housed at Sierra Conservation Center ("SCC"). Dkt. No. 32 at 2. On January 28, 2025,

defense counsel contacted the SCC litigation coordinator to schedule Plaintiff's deposition, and was informed that Plaintiff was out on assignment without a return date and advised counsel to follow up in a few weeks. *Id.* In early February, defense counsel scheduled Plaintiff's deposition for March 24, 2025, and served Plaintiff with a notice of taking Plaintiff's deposition. *Id.* On March 24, 2025, the deposition date, Plaintiff was unexpectedly transferred to a different fire camp and counsel canceled the deposition. *Id.* Defense counsel was informed that it could be a couple weeks before Plaintiff arrived at his new fire camp, and that a deposition could not be scheduled until then. *Id.* Defendant requested an extension of time to file his dispositive motion. Dkt. No. 32.

On March 31, 2025, the Court granted Defendant an extension of time to June 30, 2025, to file his dispositive motion. Dkt. No. 33.

On May 29, 2025, defense counsel attempted to take Plaintiff's deposition, but Plaintiff refused to participate in the deposition, stating that he was in the process of retaining counsel for this case. Defense counsel and Plaintiff agreed the deposition would be rescheduled once Plaintiff retained counsel or if Plaintiff were unable to retain counsel. Dkt. No. 34 at 1-2, 11.

On June 5, 2025, the Court granted Defendant's request to reschedule the dispositive motion deadline, in light of these events. The Court ordered Defendant to file his dispositive motion by September 30, 2025; and ordered Plaintiff's counsel to file a notice of appearance by June 16, 2025. The Court stated that if Plaintiff's counsel failed to file a notice of appearance by that date, defense counsel could re-notice the deposition and Plaintiff was ordered to sit for the deposition. The Court instructed Plaintiff that he could request an extension of time to obtain counsel if needed, and that any request should be accompanied by a showing of good cause and specify how much additional time was needed to retain counsel. Dkt. No. 35.

On June 25, 2025, Defendant served Plaintiff with a second deposition notice, scheduling the deposition for July 15, 2025, at 9:00 a.m. at Sierra Conservation Center in Jamesville, California. Dkt. No. 36 at 4; Dkt. No. 36-1 at 2, 9-11.

On July 15, 2025, defense counsel and Plaintiff appeared by video for Plaintiff's deposition as scheduled. Plaintiff refused to take the deposition, stating that he had not received

2

the Court's June 5, 2025 order, and was unaware of the July 15, 2025 deposition. Dkt. No. 36-1 at 18-19. Plaintiff stated that he had been unable to obtain an attorney because of excessive transfers:

> I've been getting transferred from place to place, so I never had time. I never was eligible to sit somewhere and gather everything together to call an attorney, or call my mom to get an attorney. I never sit in one place. Because when you go to another place you have to wait for your – you have to wait 24 hours – sometimes it would be longer – for your number to work to use the wall phone, the public telly. So you have to wait for your thing to process to be able to use the phone. So I never really had any access anything – the lieutenant stating that he would help me, but I've been coming – back and forth, so I'm here now. . . . I need time, once again, because I've been getting transferred from camp to camp; and I need time to gather all my things to get an attorney.

Dkt. No. 36-1 at 20. Plaintiff stated that he just needed "a little bit more time, whether it's 30 days, 60 days, however much time you guys can spare, I would like to have time to gather up all the things I need as far as getting an attorney or having somebody represent me, whether it's pro bono or not." Dkt. No. 36-1 at 19. Plaintiff also agreed on the record to proceed with the deposition if he were unable to retain an attorney within any time period ordered by the Court: "Yeah, just so the Court knows that if I do not find any representation with whatever time that you guys do give me, whether it's 30 days, 60 days, I will participate in the next time we show up for this deposition with legal representation or nonlegal representation. Either/or I will participate. I just wanted the Court to know that." Dkt. No. 36-1 at 21-22.

As of the date of this order, no attorney has appeared on behalf of Plaintiff.

**II.    Dkt. No. 36**

Defendant has requested that the Court again compel Plaintiff's deposition testimony and that the Court admonish Plaintiff that any future failure to comply with the Court's orders and the Federal Rules of Civil Procedure may result in dismissal of this case. Defendant also requests that the Court extend the deadline for Plaintiff's counsel, if any, to file a notice of appearance on or before September 15, 2025; and extend the dispositive motion deadline to December 29, 2025, to permit Defendant sufficient time to re-schedule Plaintiff's deposition, depose Plaintiff, and file a dispositive motion. Dkt. No. 36.

Plaintiff first informed Defendant on May 29, 2025, that he was seeking to obtain counsel. Dkt. No. 34 at 2. On July 15, 2025, Plaintiff informed Defendant that he had been unable to make

3

any efforts towards obtaining counsel, such as contacting attorneys or having his mother contact attorneys, because he had been transferred frequently between facilities and there was a delay in phone access upon arriving at facilities. Dkt. No. 36-1 at 20. While the Court is sympathetic to the limitations posed by incarceration, the Court is also mindful that witnesses' memories fade over time and evidence may grow stale. Plaintiff has stated that he is willing to participate in any future scheduled depositions. Accordingly, the Court ORDERS as follows.

The Court GRANTS *nunc pro tunc* Defendant's request for an extension of time to September 15, 2025, for Plaintiff's counsel, if any, to file a notice of appearance. The deadline has passed, yet Plaintiff has not obtained counsel or otherwise communicated with the Court. The Court therefore GRANTS Defendant's request that the Court compel Plaintiff to sit for his deposition. The Court ORDERS Plaintiff to appear for, and participate in, his deposition. Plaintiff is cautioned that failure to appear for, and to participate in, his deposition may result in sanctions. Possible sanctions are evidentiary sanctions directing that certain facts be taken as established; and/or striking pleadings in whole or in part; and/or partial or complete dismissal of the action for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 37(b)(2). **The Court will not grant Plaintiff any further extensions of time to sit for this deposition.** In addition, while Plaintiff may continue to seek counsel, the Court will not grant any further deadline extensions in this case because of Plaintiff's legal representation, lack of legal representation, or attempts to obtain counsel. The case has been pending since 2022, and Plaintiff has thus far been unable to obtain counsel. The Court notes that Plaintiff has ably prosecuted this case thus far.

Within two weeks of the date of this order, Defendant shall re-notice Plaintiff's deposition and file the notice of deposition with the Court. If Plaintiff again fails to sit for, or participate in, his deposition, Defendant may seek evidentiary sanctions, or may move for dismissal of this action for failure to prosecute or failure to obey a court order pursuant to Fed. R. Civ. P. 41(b).

The Court GRANTS Defendant's request to reset the briefing schedule. Defendant shall file his dispositive motion by December 29, 2025. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the

4

1  motion is filed. Defendant shall file a reply brief in support of their dispositive motion no later
2  than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the
3  date the reply brief is due.  No hearing will be held on the motion.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Dkt. No. 36 as follows.

1. The Court GRANTS *nunc pro tunc* Defendant's request for an extension of time to September 15, 2025, for Plaintiff to obtain counsel and for Plaintiff's counsel, if any, to file a notice of appearance.

2. The Court GRANTS Defendant's request that the Court compel Plaintiff to sit for his deposition.  The Court ORDERS Plaintiff to appear for, and participate in, his deposition.  **The Court will not grant Plaintiff any further extensions of time to sit for his deposition.  Plaintiff may be subject to sanctions if he fails to sit for, and participate in, his deposition.**  Within two weeks of the date of this order, Defendant shall re-notice Plaintiff's deposition and file the notice of deposition with the Court.  If Plaintiff again fails to sit for, or participate in, his deposition, Defendant may move for dismissal of this action for failure to prosecute or failure to obey a court order pursuant to Fed. R. Civ. P. 41(b).

3. The Court GRANTS Defendant's request to reset the briefing schedule.  Defendant shall file his dispositive motion by December 29, 2025. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief in support of their dispositive motion no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 36.

**IT IS SO ORDERED.**

Dated:   10/14/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge