1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    CALVIN WILLIS,                              Case No. 22-cv-03427-HSG

8              Plaintiff,                        **ORDER DIRECTING PLAINTIFF TO
                                                 SHOW CAUSE WHY CASE SHOULD
9         v.                                     NOT BE DISMISSED FOR FAILURE
                                                 TO PROSECUTE**
10   MATTHEW TAYLOR, et al.,
                                                 Re: Dkt. No. 39
11             Defendants.

12

13        In June 2022, Plaintiff, a California state inmate who is currently housed at California

14   Men's Colony, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that, on

15   March 14, 2019, San Quentin State Prison ("SQSP") correctional officer Taylor used excessive

16   force on him, in violation of the Eighth Amendment. Dkt. Nos. 1, 11. For the reasons set forth

17   below and as detailed below, the Court ORDERS Plaintiff's counsel to file a notice of appearance,

18   and ORDERS the parties to file certain status reports or an answer regarding the November 4,

19   2025 deposition.

20   **I.    Background**

21        On January 27, 2025, the Court set an April 30, 2025 deadline for filing dispositive

22   motions. Dkt. No. 31. Over the next ten months, Defendant attempted to depose Plaintiff four

23   times without success.

24        • **March 24, 2025**. Plaintiff was unexpectedly transferred to a different fire camp,
            requiring the cancellation of this deposition. Dkt. No. 32 at 2.
25

26        • **May 29, 2025**. Plaintiff refused to participate in this deposition, stating that he was
            in the process of retaining counsel for this case. Defense counsel and Plaintiff
27          agreed the deposition would be rescheduled once Plaintiff retained counsel or if
            Plaintiff were unable to retain counsel. Dkt. No. 34 at 1-2, 11.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **July 15, 2025**. Plaintiff refused to sit for this deposition, stating that he was unaware that the deposition had been scheduled, and that he had not received the Court's June 5, 2025 Order requiring Plaintiff to have his counsel file a notice of appearance by June 16, 2025. Dkt. No. 36-1 at 18-19. Plaintiff stated that he had been unable to obtain an attorney because of excessive transfers; that he just needed "a little bit more time, whether it's 30 days, 60 days" to obtain counsel; and that if he were unable to retain an attorney within any time period ordered by the Court he would proceed with the deposition. Dkt. No. 36-1 at 19-22.

- **October 7, 2025**. Plaintiff informed Defendant's counsel that he was represented by counsel but that counsel was unable to attend the deposition. Plaintiff was unable to provide Defendant's counsel with the name or contact information for his attorney but stated that he would give his attorney the contact information for Defendant's counsel. Plaintiff stated that he wished to proceed with the deposition without his attorney present. Defendant's counsel informed Plaintiff that if Plaintiff was represented by counsel, ethics rules prohibited her from taking his deposition without his attorney present.

On October 14, 2025, the Court granted Defendant's request to compel Plaintiff's

deposition:

> The Court GRANTS *nunc pro tunc* Defendant's request for an extension of time to September 15, 2025, for Plaintiff's counsel, if any, to file a notice of appearance. The deadline has passed, yet Plaintiff has not obtained counsel or otherwise communicated with the Court. The Court therefore GRANTS Defendant's request that the Court compel Plaintiff to sit for his deposition. The Court ORDERS Plaintiff to appear for, and participate in, his deposition. Plaintiff is cautioned that failure to appear for, and to participate in, his deposition may result in sanctions. Possible sanctions are evidentiary sanctions directing that certain facts be taken as established; and/or striking pleadings in whole or in part; and/or partial or complete dismissal of the action for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 37(b)(2). The Court will not grant Plaintiff any further extensions of time to sit for this deposition. In addition, while Plaintiff may continue to seek counsel, the Court will not grant any further deadline extensions in this case because of Plaintiff's legal representation, lack of legal representation, or attempts to obtain counsel. The case has been pending since 2022, and Plaintiff has thus far been unable to obtain counsel. The Court notes that Plaintiff has ably prosecuted this case thus far.
>
> Within two weeks of the date of this order, Defendant shall re-notice Plaintiff's deposition and file the notice of deposition with the Court. If Plaintiff again fails to sit for, or participate in, his deposition, Defendant may seek evidentiary sanctions, or may move for dismissal of this action for failure to prosecute or failure to obey a court order pursuant to Fed. R. Civ. P. 41(b).

Dkt. No. 37 at 4.

Defendant has rescheduled Plaintiff's deposition for November 4, 2025. Dkt. No. 38.

Defendant's counsel has informed the Court that she is concerned that she will be unable to

comply with the Court's order to depose Plaintiff if, at the November 4, 2025 deposition, Plaintiff

again states that he is represented by counsel yet Plaintiff's counsel is not present and Plaintiff's

counsel has neither filed a notice of appearance nor contacted Defendant's counsel. Dkt. No. 39.

<div style="text-align: center; writing-mode: vertical">United States District Court<br>Northern District of California</div>

1    As of the date of this order, no attorney has entered an appearance on behalf of Plaintiff.

2    Plaintiff's refusal to sit for a deposition without counsel and his claim that he is

3    represented by counsel despite no counsel appearing on his behalf are preventing this case from

4    moving forward.  Plaintiff appearing for his deposition without counsel while stating that he is

5    represented by counsel is a violation of the Court's October 14, 2025 Order compelling Plaintiff to

6    participate in his deposition.  If Plaintiff claims to be represented by counsel, Defendant's counsel

7    cannot take Plaintiff's deposition without Plaintiff's counsel being present.  If Plaintiff is

8    represented by counsel, his counsel must be present at the deposition.  Defendant cannot defend

9    this case without Plaintiff's good-faith participation in the discovery process, which includes

10    participating in the deposition.

11    The Court reminds Plaintiff that the Federal Rules of Civil Procedure apply to both

12    represented and *pro se* litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on*

13    *other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must

14    follow the same rules of procedure that govern other litigants.").  The Federal Rules of Civil

15    Procedure require Plaintiff to allow Defendant to conduct discovery regarding any nonprivileged

16    matter that is relevant to the case, which would include taking Plaintiff's deposition.  *See*

17    *generally* Fed. R. Civ. P. 26.  The Court further reminds Plaintiff that both the Federal Rules of

18    Civil Procedure and the court's inherent power to manage its docket provide that terminating

19    sanctions may be appropriate where a party refuses to cooperate in discovery or refuses to obey a

20    court order.  Fed. R. Civ. P. 37 governs a party's failure to cooperate in discovery and provides

21    that where a party "fails to obey an order to provide or permit discovery . . ., the court where the

22    action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2).  These further orders

23    may include prohibiting the disobedient party from supporting or opposing designated claims or

24    defenses, or from introducing designated matters in evidence, or dismissing the action or

25    proceeding in whole or in part.  *Id.*  Under Fed. R. Civ. P. 41(b), a district court may impose

26    sanctions, including involuntary dismissal of a plaintiff's case, where that plaintiff fails to

27    prosecute his or her case, or fails to comply with the Court's orders, or fails to comply the Federal

28    Rules of Civil Procedure.  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th

<div style="text-align: center">3</div>

1   Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

2   action for failure to comply with any order of the court"). Furthermore, district courts have

3   inherent power "to manage their own affairs so as to achieve the orderly and expeditious

4   disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks

5   and citation omitted). In exercising that power, a district court may impose sanctions including,

6   where appropriate, dismissal. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-32 (1961).

7   **II.      Directions to Parties**

8          In light of Plaintiff's prior failures to participate in his deposition, the Court ORDERS as

9   follows.

10         1.      The Court ORDERS Plaintiff to participate in his November 4, 2025 deposition. If

11   Plaintiff is represented by counsel, counsel must be present at the deposition. If there is no

12   counsel present at the deposition, Plaintiff is cautioned that any statement that he is represented by

13   counsel despite no counsel being present and no notice of appearance being filed will be

14   considered a violation of the Court's October 14, 2025 Order compelling him to participate in his

15   deposition.

16         2.      If Plaintiff is represented by counsel, Plaintiff's counsel shall, by October 31, 2025:

17   (1) file a notice of appearance; (2) contact Defendant's counsel to meet and confer regarding the

18   November 4, 2025 deposition; and (3) file a notice with the Court confirming that they have

19   conferred with Defendant's counsel regarding the deposition.

20         3.      By November 11, 2025, Defendant shall file a status report with the Court,

21   reporting whether the November 4, 2025 deposition took place or, if the deposition does not take

22   place, why the deposition failed to proceed and address whether terminating sanctions are

23   appropriate.

24         4.      If the November 4, 2025 deposition does not take place, by November 11, 2025,

25   Plaintiff is ordered to show cause why the Court should not dismiss this action pursuant to Fed. R.

26   Civ. P. 41(b) for failure to prosecute or failure to comply with the Court's October 14, 2025 Order

27   compelling Plaintiff to participate in his deposition. To respond to the order to show cause,

28   Plaintiff shall file an answer that addresses why the deposition did not proceed and why the Court

United States District Court
Northern District of California

4

1  should not dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

2      **IT IS SO ORDERED.**

3  Dated:    10/23/2025

4  _____
   HAYWOOD S. GILLIAM, JR.

5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5