UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALVIN WILLIS,

              Plaintiff,

      v.

MATTHEW TAYLOR, et al.,

              Defendants.

Case No. 22-cv-03427-HSG

**ORDER OF DISMISSAL**

     In June 2022, Plaintiff, a California state inmate who is currently housed at California Men's Colony, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that, on March 14, 2019, San Quentin State Prison ("SQSP") correctional officer Taylor used excessive force on him, in violation of the Eighth Amendment. Dkt. Nos. 1, 11. For the reasons set forth below, the Court DISMISSES this action pursuant to Fed. R. Civ. P. 41(b).

**DISCUSSION**

**I.    Factual Background**

     On January 27, 2025, the Court set an April 30, 2025 deadline for filing dispositive motions. Dkt. No. 31. Defendants have been unable to depose Plaintiff, as detailed below.

     ***March 24, 2025 – First cancelled deposition.*** A deposition was noticed for March 24, 2025, but cancelled due to Plaintiff being unexpectedly transferred to another facility. Dkt. No. 32 at 2.

     ***May 29, 2025 – Second cancelled deposition.*** A deposition was noticed for May 29, 2025, but cancelled when Plaintiff refused to sit for the deposition and informed defense counsel that he was in the process of obtaining counsel. Dkt. No. 34 at 1-2.

     ***June 5, 2025 – First court order requiring Plaintiff to sit for his deposition.*** On June 5,

United States District Court

Northern District of California

1    2025, the Court ordered Plaintiff to have his counsel file a notice of appearance by June 16, 2025,

2    and ordered Plaintiff to sit for his deposition *pro se* if counsel did not appear by that date.  Dkt.

3    No. 35.

4         ***July 15, 2025 - Third cancelled deposition.***  A deposition was noticed for July 15, 2025,

5    but cancelled when Plaintiff refused to sit for the deposition and informed defense counsel that he

6    had been unaware of the deposition and that he needed more time to obtain counsel.  Dkt. No. 36-

7    1 at 19, 22.

8         ***October 7, 2025 – Fourth cancelled deposition.***  A deposition was noticed for October 7,

9    2025.  At the October 7, 2025 deposition, Plaintiff informed defense counsel that he was

10    represented by counsel but that counsel was unable to attend the deposition.  Defense counsel

11    informed Plaintiff that she could not proceed with the deposition because, if Plaintiff were

12    represented by counsel and his counsel were not present, ethical rules prohibited her from

13    speaking with Plaintiff or taking Plaintiff's deposition.[1]  Dkt. No. 39.

14         ***October 14, 2025 – Second court order requiring Plaintiff to sit for his deposition.***  On

15    October 14, 2025, the Court granted Defendant's request for an order compelling Plaintiff to sit

16    for his deposition.  The Court ordered Plaintiff to appear for, and participate in, his deposition.

17    The Court cautioned Plaintiff that the failure to appear for, and participate in, his deposition could

18    result in sanctions, including evidentiary sanctions directing that certain facts be taken as

19    established; and/or striking pleadings in whole or in part; and/or partial or complete dismissal of

20    the action for failure to prosecute or failure to comply with a court order.  The Court further

21    informed Plaintiff that no further extensions of time would be granted for Plaintiff to sit for this

22    deposition and that while Plaintiff could continue to seek counsel, the Court would not grant any

23    further deadline extensions in this case because of Plaintiff's legal representation, lack of legal

24    representation, or attempts to obtain counsel.  Dkt. No. 37.

25    //

26

27    [1] Cal. R. Prof. Conduct 4.2 provides that, in representing a client, a lawyer shall not communicate
directly or indirectly about the subject of the representation with a person the lawyer knows to be
28    represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.
Cal. R. Prof. Conduct 4.2.

United States District Court
Northern District of California

*October 23, 2025 – Third court order requiring Plaintiff to sit for his deposition and ordering Plaintiff to show cause if he did not participate in his deposition.* On October 23, 2025, the Court ordered Plaintiff to participate in the deposition scheduled for November 4, 2025, and cautioned Plaintiff that any claim to be represented by counsel without counsel appearing would be considered a violation of the Court's orders:

> Plaintiff's refusal to sit for a deposition without counsel and his claim that he is represented by counsel despite no counsel appearing on his behalf are preventing this case from moving forward. Plaintiff appearing for his deposition without counsel while stating that he is represented by counsel is a violation of the Court's October 14, 2025 Order compelling Plaintiff to participate in his deposition. If Plaintiff claims to be represented by counsel, Defendant's counsel cannot take Plaintiff's deposition without Plaintiff's counsel being present. If Plaintiff is represented by counsel, his counsel must be present at the deposition. Defendant cannot defend this case without Plaintiff's good-faith participation in the discovery process, which includes participating in the deposition.
> . . .
> In light of Plaintiff's prior failures to participate in his deposition, the Court ORDERS as follows.
> 1. The Court ORDERS Plaintiff to participate in his November 4, 2025 deposition. If Plaintiff is represented by counsel, counsel must be present at the deposition. If there is no counsel present at the deposition, Plaintiff is cautioned that any statement that he is represented by counsel despite no counsel being present and no notice of appearance being filed will be considered a violation of the Court's October 14, 2025 Order compelling him to participate in his deposition.
> 2. If Plaintiff is represented by counsel, Plaintiff's counsel shall, by October 31, 2025: (1) file a notice of appearance; (2) contact Defendant's counsel to meet and confer regarding the November 4, 2025 deposition; and (3) file a notice with the Court confirming that they have conferred with Defendant's counsel regarding the deposition.
> 3. By November 11, 2025, Defendant shall file a status report with the Court, reporting whether the November 4, 2025 deposition took place or, if the deposition does not take place, why the deposition failed to proceed and address whether terminating sanctions are appropriate.
> 4. If the November 4, 2025 deposition does not take place, by November 11, 2025, Plaintiff is ordered to show cause why the Court should not dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or failure to comply with the Court's October 14, 2025 Order compelling Plaintiff to participate in his deposition. To respond to the order to show cause, Plaintiff shall file an answer that addresses why the deposition did not proceed and why the Court should not dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

Dkt. No. 40 at 4.

*November 4, 2025 – Fifth cancelled deposition.* A deposition was noticed for November 4, 2025. At the November 4, 2025 deposition, Plaintiff informed defense counsel that he was uncertain whether he was represented by counsel, and that his counsel had tried to contact defense counsel but was unable to reach her. No counsel appeared for Plaintiff at this deposition, and no counsel has failed a notice of appearance for the Court. Defense counsel informed Plaintiff that

3

1    she could not proceed with the deposition because, if Plaintiff were represented by counsel and his

2    counsel was not present, ethical rules prohibited her from speaking with Plaintiff or taking

3    Plaintiff's deposition.  Defense counsel further informed Plaintiff that she had not received any

4    messages from any counsel regarding representation of Plaintiff in this action.  Dkt. No. 41.

5         *November 7, 2025 Status Report*.  On November 7, 2025, Defendant filed a status report

6    regarding the November 4, 2025 attempt to take Plaintiff's deposition.  As detailed above, defense

7    counsel reported that she had been unable to take Plaintiff's deposition because it was unclear

8    whether Plaintiff was appointed by counsel.  Dkt. No. 41.

9         *Plaintiff remains pro se and has not communicated with the Court.*  Plaintiff has been

10   unsuccessfully seeking representation since at least May 29, 2025.  Dkt. No. 34 at 2.  As of the

11   date of this order, no attorney has entered an appearance on behalf of Plaintiff.  Plaintiff has not

12   responded to any of the Court's orders requiring him to participate in his deposition.  Plaintiff has

13   not responded to the Court's October 23, 2025 Order that ordered him to show cause why the

14   Court should not dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or

15   failure to comply with the Court's October 14, 2025 Order compelling Plaintiff to participate in

16   his deposition.  The last time that Plaintiff communicated with the Court was on April 13, 2023.

17   Dkt. No. 26.

18   **II.    Dismissal Pursuant to Fed. R. Civ. P. 41(b)**

19       **A.    Legal Standard**

20        If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a

21   court order, the Court may *sua sponte* dismiss the action pursuant to Fed. R. Civ. P. 41(b).  *Hells*

22   *Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005).  "Dismissal under

23   Rule 41(b) is a sanction, to be imposed only in extreme circumstances."  *Edwards v. Marin Park,*

24   *Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (internal quotation marks and citation omitted).  The

25   Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2)

26   the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

27   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

28   alternatives.  *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Yourish*

United States District Court
Northern District of California

4

1   *v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The Court should also afford the
2   litigant prior notice of its intention to dismiss.  *Malone*, 833 F.2d at 133.

3          A dismissal for failure to prosecute is generally with prejudice and operates as an
4   adjudication on the merits for purposes of preclusion.  *See* Fed. R. Civ. P. 41(b); *In re Schimmels*,
5   127 F.3d 875, 884 (9th Cir. 1997).  Dismissal with prejudice of a complaint under Rule 41(b) is a
6   harsh remedy, and the district court should first consider less drastic alternatives.  *See McHenry v.*
7   *Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  However, applying a pattern of progressively harsher
8   sanctions, such as fines, is not an absolute prerequisite to dismissal with prejudice.  *See Sanders v.*
9   *Union Pacific R.R. Co.*, 154 F.3d 1037, 1040 (9th Cir. 1998).  The district court need only weigh
10  the necessary factors, including the availability of less drastic sanctions, before dismissing.  *See id.*
11  at 1040-41 (finding dismissal with prejudice appropriate where dismissal without prejudice would
12  have rewarded attorney's misfeasance by allowing him to refile new complaint within statute of
13  limitations); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district
14  court did not abuse discretion in dismissing petition with prejudice where three of five factors
15  weighed in favor of dismissal).  Further, because the harshness of a dismissal with prejudice is
16  directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to
17  trial, the district court should consider the strength of a plaintiff's case if such information is
18  available before determining whether dismissal with prejudice is appropriate.  *See McHenry*, 84
19  F.3d at 1178-79.

20          **B.      Analysis**

21          The Court has considered the five *Malone* factors and finds that dismissal with prejudice is
22  appropriate.

23          The first and second factors – the public's interest in expeditious resolution of litigation
24  and the court's need to manage its docket – weigh heavily in favor of dismissal.  This case has
25  been pending for over three years.  Plaintiff has not communicated with the Court since April
26  2023.  Plaintiff has failed to comply with the Court's three orders requiring him to participate in
27  his deposition.  Plaintiff has not responded to the Court's October 23, 2025 Order notifying him of
28  the Court's intent to dismiss this action for failure to comply with a court order should he fail to sit

United States District Court
Northern District of California

United States District Court
Northern District of California

for his deposition, and requiring him to show cause why this action should be dismissed. *See Yourish*, 191 F.3d at 990 ("the public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ( "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

The third factor – risk of prejudice to the defendants – also weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Plaintiff's actions have impaired Defendant's ability to defend in this case and prevented this case from being heard on the merits. Defendant is also prejudiced by Plaintiff preventing this case from moving forward because witnesses' memories fade over time and evidence grows stale. *See Pagtalunan*, 291 F.3d at 642-43 (finding that defendants were prejudiced by plaintiff's failure to comply with court order to submit pleadings within designated time period because "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"). In addition, the prejudice to Defendant is directly caused by Plaintiff's non-compliance with court orders and not by Defendant. Defendant has cancelled four depositions due to Plaintiff's refusal to sit for the deposition or due to Plaintiff's claim that he is represented by counsel (but without having counsel present). *See Malone*, 833 F.3d at 133 (whether prejudice sufficient to support dismissal is judged in part on plaintiff's role in the prejudice).

The fourth factor – the public policy favoring disposition of cases on their merits – is neutral. It is unclear that this case would be decided on the merits even if allowed to proceed. But Plaintiff's continued refusal to sit for his deposition guarantees that the case cannot be decided on the merits.

The fifth factor – the availability of less drastic alternatives – weighs in favor of dismissal. In this particular situation, there is not an appropriate "less drastic" alterative to dismissal with prejudice. The Court has granted Plaintiff extensions of time to retain counsel, and ordered him three times to sit for his deposition. Dkt. Nos. 35,37, 40. The Court has warned Plaintiff of the possibility that refusal to follow the Court's orders could result in dismissal of this action with

6

prejudice. Dkt. Nos. 37, 40. Plaintiff has repeatedly refused to comply with court orders, and he has not communicated with the Court or otherwise addressed his noncompliance with the Court's orders. Plaintiff's refusal to sit for his deposition prevents this case from being decided on the merits. Dismissal with prejudice is not a drastic sanction in this particular instance. *See, e.g., In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (cite omitted); *Malone*, 833 F.3d at 132 ("where the plaintiff has purposefully and defiantly violated a court order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible. . . . explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal.").

Finally, because Plaintiff has refused to sit for a deposition, the Court is unable to assess the strength of his case. This factor therefore is neutral in deciding whether this case should be dismissed with prejudice.

Three of the five factors weigh in favor of dismissal with prejudice, and two are neutral. The Court therefore DISMISSES this action with prejudice pursuant to Fed. R. Civ. P. 41 because Plaintiff has not complied with the Court's orders to sit for, and participate in, his deposition.

### CONCLUSION

The Court DISMISSES this action with prejudice pursuant to Fed. R. Civ. P. 41 because Plaintiff has not complied with the Court's orders to sit for, and participate in, his deposition. Judgment is entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated:    11/20/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

7